UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHEN YANG,

Plaintiff,

- against -

TRIBUNE BROADCASTING COMPANY, LLC

Defendant.

Docket No. _____

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Stephen Yang ("Yang" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Tribune Broadcasting Company, LLC ("Tribune" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant unauthorized reproduction and public display of a Samson, the biggest cat in New York, and Gwendolyn Williams, owned and registered by Yang, a New York City based photojournalist. Accordingly, Yang seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides and transacts business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Yang is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 270 Empire Blvd. #1K, Brooklyn, NY 11225. Yang's photographs have appeared in many publications around the United States.

6.      Upon information and belief, Tribune is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 220 East 42nd Street, New York, NY 10017. At all times material hereto, Tribune has owned and operated the websites at the URL: www.wgntv.com, www.kfor.com, and www.wreg.com (the "Websites"). At all times material hereto, Tribune owns and operates the television station WGN-TV.

## STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Photograph**

7.      On or about August 6, 2016, Yang photographed Samson, heaviest cat in New York with his owner Jonathan Zurbel ("Samson Photograph"). On or about May 22, 2014, Yang photographed Gwendolyn Williams who was told she was she was overweight by the Department of Education because she was one pound heavier than average ("Williams Photograph") (all together the "Photographs"). A true and correct copy of the Photographs are attached hereto as Exhibit A.

8.      Yang then licensed the Samson Photograph to The New York Post. On August 6, 2016, The New York Post ran an article that featured the Samson Photograph on its web edition entitled *Meet Samson- The Biggest Cast in NYC*.  See http://nypost.com/2016/08/06/meet-samson-the-biggest-cat-in-nyc/. On May 22, 2014, The New York Post ran an article that featured one of Williams Photograph on its web edition entitled *This kid is Fat (according to the*

*City of New York).* See http://nypost.com/2014/05/22/nyc-says-this-girl-is-fat/. Yang's name was featured in a gutter credit identifying him as the photographer of the Photographs.  A true and correct copy of the Photographs in the articles is attached hereto as Exhibit B.

9.      Yang is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

10.     The Photographs have a pending United States Copyright Numbers of 1-4015188856 and 1-4029671321. See Exhibit C.

**B.      Defendant Infringing Activities**

11.     Upon information and belief, on or about August 16, 2016 Defendant broadcasted the Samson Photograph on television on WGN-TV. Upon information and belief on or about August 16, 2016, Defendant ran an article on the Website entitled, *Meet the Largest Cat in New York City Samson*. See http://wgntv.com/2016/08/16/meet-the-largest-cat-in-new-york-city-samson/. The article prominently featured the Samson Photograph. A true and correct copy of the article is attached hereto as Exhibit D.

12.     Upon information and belief, on or about May 23, 2014, Defendant ran an article on the Website entitled *Is this Girl Overweight? Her school sent home letter saying she is….* See http://kfor.com/2014/05/23/is-this-girl-overweight-her-school-sent-home-letter-saying-she-is/. The article prominently featured the Williams Photograph. A true and correct copy of the article is attached hereto as Exhibit E.

13.     Upon information and belief, on or about May 23, 2014, Defendant ran an article on the Website entitled School thinks this girl is too Fat! See http://wreg.com/2014/05/23/school-thinks-this-girl-is-too-fat/. The article prominently featured the Williams Photographs. A true and correct copy of the article is attached hereto as Exhibit F.

14.     Defendant did not license the Photographs from Plaintiff for its articles or on its broadcast, nor did Defendant have Plaintiff's permission or consent to publish the Photographs on its Websites or their broadcast.

### FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST TRIBUNE)
### (17 U.S.C. §§ 106, 501)

15.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-14 above.

16.     Defendant infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website and its broadcast. Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

17.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

18.     Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

19.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant profits pursuant to 17 U.S.C. § 504(b) for the infringement.

20.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

21.     Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

22.     Defendant conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST TRIBUNE**
**(17 U.S.C. § 1202)**

23.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-22 above.

24.     Upon information and belief, in its article on the Website, WGNTV.com and broadcast, Tribune intentionally and knowingly removed copyright management information identifying Plaintiff as the owner of the Samson Photograph.

25.     The conduct of Tribune violates 17 U.S.C. § 1202(b).

26.     Upon information and belief, Tribune's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

27.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Tribune intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Video. Tribune also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Samson Photograph.

28.     As a result of the wrongful conduct of Tribune as alleged herein, Plaintiff is entitled to recover from Tribune the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Tribune because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

29.     Alternatively, Plaintiff may elect to recover from Tribune statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.     That Defendant be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2.     The Defendant be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3.     Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant profits, gains or advantages of any kind attributable to Defendant infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4.     That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5.      That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6.      That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7.      That Plaintiff be awarded pre-judgment interest; and

8.      Such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
        September 27, 2016

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
        Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Stephen Yang*